UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY JOE BARBER, III,

Plaintiff,

v.

PIERCE COUNTY DSHS, *et al.*,

Defendants.

CASE NO. 3:26-cv-05320-DGE-GJL

AMENDED REPORT AND
RECOMMENDATION

Noting Date: May 21, 2026

Plaintiff Danny Joe Barber, III, who is currently incarcerated at Kitsap County Jail, filed a proposed 42 U.S.C. § 1983 Complaint and an Application to Proceed *In Forma Pauperis* ("IFP").[1] Dkts. 1-1, 4. Upon review, the Court concludes Plaintiff has incurred at least three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Accordingly, the Court **RECOMMENDS** that Plaintiff's IFP Application (Dkt. 4) be **DENIED**, and that Plaintiff be directed to **PAY** the filing fee **within**

---

[1] The Court issued a Report and Recommendation ("R&R") on April 29, 2026, that included a scrivener's error. *See* Dkt. 5 (the Court inadvertently identified the filing fee for this matter as a total of $402.00 and not the Court's current filing fee of $405.00 ($350.00 filing fee plus $55.00 administrative fee)). The only difference between the R&R and this Amended Report and Recommendation is the corrected filing fee ($405.00) on pages 3 and 4.

AMENDED REPORT AND RECOMMENDATION - 1

**thirty days** of the Order adopting this Report and Recommendation. The Court further **RECOMMENDS** that this matter be **dismissed without prejudice** if Plaintiff fails to pay the filing fee.

## I.    BACKGROUND

Plaintiff filed a proposed Complaint naming Pierce County Department of Social and Health Service ("DSHS")/Behavioral Health and Treatment Center ("BHTC"); DSHS-BHTC Steilacoom Unit ("SU") Competency Restoration Center; DSHS-BHTC-SU Program Director Byron Lockridge; DSHS-BHTC-SU Clinical Director Carol Woods; Social Worker Jen Shall Jenkins; and Psychology Associate Carlos Lozoya as Defendants. *See* Dkt. 1-1 at 3–4. Plaintiff alleges Defendants violated his Fourth and Fourteenth Amendment rights by failing to secure and illegally seizing his legal mail and evidence during his intake to the DSHS-BHTC-SU. *Id*. at 6–7. He seeks $16 million in damages. *Id*. at 8.

## II.    DISCUSSION

Pursuant to the Prison Litigation Reform Act ("PLRA"), "prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule[.]" *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). The "three-strikes rule" contained in the PLRA states:

> In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[2]

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

AMENDED REPORT AND RECOMMENDATION - 2

The Court's records show Plaintiff has filed numerous lawsuits. At least four of those prior matters, which were filed while Plaintiff was incarcerated, were dismissed for failure to state a claim upon which relief may be granted, and the dismissals were deemed "strikes" under Section 1915(g):

- *Barber v. Bremerton Police Department*, No. 3:24-cv-05618-BHS-DWC, Dkts. 9, 10;

- *Barber v. Thimons*, No. 3:24-cv-05723-TMC-DWC, Dkts. 5, 6;

- *Barber v. Bremerton Police Department*, No. 3:24-cv-05725-RAJ-MLP, Dkts. 8, 10; and

- *Barber v. Walker*, No. 3:24-cv-05861-RAJ-MLP, Dkts. 9, 11.

Plaintiff has therefore incurred at least three strikes pursuant to Section 1915(g).

Because he has incurred at least three strikes, Plaintiff is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury" at the time he signed his civil rights complaint. *See* 28 U.S.C. § 1915(g); *Andrews*, 493 F.3d at 1053 ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). Plaintiff does not make such a showing.

Plaintiff does not allege he is in imminent danger of serious physical injury. *See* Dkt. 1-1. Nor is there any suggestion of such an allegation in the proposed Complaint, which raises claims related to an alleged deprivation of his property during his detention at a different facility. *See id*. Plaintiff is therefore ineligible to file this lawsuit in federal court without paying the $405.00 ($350.00 filing fee plus $55.00 administrative fee). *See* 28 U.S.C. § 1915(g).

//

//

AMENDED REPORT AND RECOMMENDATION - 3

## III.    CONCLUSION

The Court **RECOMMENDS** Plaintiff's IFP Application (Dkt. 4) be **DENIED** based on the three-strikes rule of 28 U.S.C. § 1915(g). The Court further **RECOMMENDS** Plaintiff be required, **within thirty (30) days** of issuance of the Order adopting this Report and Recommendation, to **PAY** the $405.00 filing fee in order to proceed with his Complaint, and that this case be **dismissed without prejudice** if he fails to do so. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 21, 2026**.

Dated this 30th day of April, 2026.

Grady J. Leupold
United States Magistrate Judge

AMENDED REPORT AND RECOMMENDATION - 4